**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS ESCATEL,

               Petitioner-Appellant,

  v.

KIM HOLLAND, WARDEN,

               Respondent-Appellee.

No.   16-56614

D.C. CV No. 14-2394-CAS (DFM)

MEMORANDUM[*]

Appeal from the United States District Court
For the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted February 4, 2019[**]

Before: GOULD and NGUYEN, Circuit Judges, and BENITEZ,[***] District Judge.

Luis Escatel appeals the district court's dismissal of his petition for habeas corpus under 28 U.S.C. § 2254. We affirm. The conclusion of the California Court of Appeal that sufficient evidence supported the gang enhancement was not

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Roger T. Benitez, Senior United States District Judge for the Southern District of California, sitting by designation.

objectively unreasonable.

A jury could reasonably infer that robbery was a primary activity for the gang. The jury had before it the testimony of the gang expert together with the particular facts of the robberies, including the fact that Escatel acted with another gang member, the gang was small with only 35 – 40 members, and the two gang members carried out the robberies of five victims, in four separate incidents, over the course of five months. The evidence was sufficient to support the jury's finding that one of the primary activities of Escatel's Alondra 13 gang was the commission of robbery, a criminal act enumerated in California Penal Code § 186.22(e).

The California appellate court was not unreasonable in deciding that a rational trier of fact could have agreed with the jury. *See Cavazos v. Smith*, 565 U.S. 1, 2 (2011) ("A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury."). While the jury was not required to draw the conclusion that robbery was one of the gang's principal activities, it was permitted by the evidence. Moreover, the California appellate court applied the correct clearly-established constitutional test for a defendant's sufficiency-of-the-evidence claim. And the California appellate court applied that test in an objectively reasonable fashion in deciding the evidence was sufficient.

Denying the petition for a writ of habeas corpus, the district court correctly applied the deference owed to both the jury's verdict and the state appellate court's reasonable application of federal constitutional law. *See Johnson v. Montgomery,* 899 F.3d 1052, 1056-57 (9th Cir. 2018); *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (describing the two layers of judicial deference to be applied in § 2254 claims of insufficient evidence which affords due respect to the roles of the jury and the state courts).

**AFFIRMED**.